# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| In re: | |
| **Sheehan Pipe Line Construction Company,** | Case No. 16-10678 (Chapter 11) |
| Debtor. | |
| **Joseph E. Myers, as Liquidating Trustee for Sheehan Pipe Line Liquidating Trust,** | |
| Plaintiff, | Adv. Proc. No. _____ |
| v. | |
| **Trive Capital Inc.,** | |
| Defendant. | |

## COMPLAINT

Joseph E. Myers, as Liquidating Trustee of the Sheehan Pipe Line Liquidating Trust (the "*Liquidating Trustee*"), through his undersigned counsel, brings this complaint (the "*Complaint*") to avoid and recover transfers, and for related relief, under §§ 544, 547, 548, 550, and 502(d) of title 11 of the United States Code (the "*Bankruptcy Code*"). The Liquidating Trustee alleges:

### JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over this adversary proceeding (the "*Adversary Proceeding*"), which arises under the Bankruptcy Code, and arises in and relates to a case under the Bankruptcy Code in the United States Bankruptcy Court for the Northern District of Oklahoma, case number 16-10678, under 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and venue is proper in the Northern District of Oklahoma under 28 U.S.C. §§ 1408 and 1409.

1

2. The statutory predicates for the relief requested in this Complaint are §§ 544, 547, 548, 550 and 502(d) of the Bankruptcy Code, and Federal Rule of Bankruptcy Procedure 7001(1).

### BACKGROUND

3. Sheehan Pipe Line Construction Company (the "*Debtor*") filed a voluntary chapter 11 bankruptcy petition on April 15, 2016 (the "*Petition Date*").

4. The Debtor was engaged in the business of constructing pipeline and associated infrastructure primarily for the energy industry.

5. On October 21, 2016, the Debtor and the Official Committee of Unsecured Creditors (the "*Committee*") filed the *Third Amended Joint Plan of Liquidation Proposed by Sheehan Pipe Line Construction Company, Debtor-in-Possession and the Official Committee of Unsecured Creditors* (the "*Plan*").[19]

6. Under section 8.2 of the Plan, all causes of action, including those arising under §§ 544, 547, 548, 550, and 502(d) of the Bankruptcy Code, were assigned to the Liquidating Trust.

7. The Court entered an order confirming the Plan on December 30, 2016.[20]

8. On information and belief, the defendant's name is Trive Capital Inc. (the "*Defendant*"), and is a business entity organized under the laws of the state of Delaware, with its principal place of business in Dallas, Texas.

9. During the ninety-day period preceding the Petition Date, between January 16, 2016 and April 15, 2016 (the "*Preference Period*"), the Debtor continued to operate its business affairs. In doing so, the Debtor transferred property, either by checks, cashier checks, wire transfers, direct deposit, or otherwise to the Defendant and other entities.

---

[19] (Dkt. # 402).

[20] (Dkt. # 565).

2

10. Specifically, during the Preference Period, the Debtor made one or more transfers of an interest of the Debtor in property to the Defendant totaling at least $188,314.47, including, without limitation, those transfers more specifically identified in **Exhibit A** attached to this Complaint and incorporated here by reference, together with any other transfers later identified (the "*Prepetition Transfers*") by the Liquidating Trustee.

11. The Debtor was insolvent throughout the Preference Period because the sum of the Debtor's debts was greater than the fair value of its assets.

### COUNT I
### Avoidance of Prepetition Transfers Under 11 U.S.C. § 547(b)

12. The Liquidating Trustee incorporates paragraphs 1-11 as if fully realleged here.

13. During the Preference Period, the Debtor made the Prepetition Transfers to the Defendant.

14. The Defendant was a creditor of the Debtor within the meaning of § 101(10)(A) of the Bankruptcy Code at the time of each of the Prepetition Transfers.

15. The Prepetition Transfers made by the Debtor were transfers of an interest of the Debtor in property, consisting of payments totaling at least $188,314.47.

16. Each Prepetition Transfer was made to or for the benefit of the Defendant, within the meaning of § 547(b)(1) of the Bankruptcy Code, because each Prepetition Transfer either reduced or fully satisfied a debt then owed by the Debtor to the Defendant.

17. Each Prepetition Transfer was made for or on account of an antecedent debt owed by the Debtor to the Defendant before the Prepetition Transfer was made.

18. Each Prepetition Transfer was made on or within ninety days before the Petition Date.

19. Each Prepetition Transfer enabled the Defendant to receive more than the Defendant would have if:

    a. the Debtor's case was brought under chapter 7 of the Bankruptcy Code;
    b. the Transfers had not been made; and
    c. the Defendant had received payment of such debt to the extent provided by the Bankruptcy Code.

20. For these reasons, the Liquidating Trustee may avoid the Prepetition Transfers under § 547 of the Bankruptcy Code.

### COUNT II
### Avoidance of Fraudulent Transfers Under 11 U.S.C. § 548(a)(1)(B)
### Pleaded in the Alternative to Count I

21. The Liquidating Trustee incorporates paragraphs 1-11 as if fully realleged here.

22. Each Transfer constituted a transfer of an interest of the Debtor in property.

23. Each Transfer was made within two years before the Petition Date.

24. The Transfers were made to the Defendant or for the Defendant's benefit.

25. To the extent that any of the Transfers were not made on account of antecedent debt owed by the Debtor, the Debtor did not receive reasonably equivalent value in exchange for the Transfers.

26. On the date each Transfer was made, the Debtor:

    a. was insolvent or became insolvent as a result of such Transfer;
    b. was engaged in business or a transaction, or was about to engage in business or a transaction, for which any property remaining with such Debtor was an unreasonably small capital; or
    c. intended to incur, or believed it would incur, debts that would be beyond its ability to pay as such debts matured.

27. For these reasons, and to the extent any of the Transfers were not made on account of an antecedent debt owed by the Debtor, the Liquidating Trustee may avoid those Transfers as fraudulent under § 548(a)(1)(B) of the Bankruptcy Code.

## COUNT III
### Avoidance of Fraudulent Transfers Under 24 Okla. Stat. § 112 *et seq.* as Incorporated by 11 U.S.C. § 544

28. The Liquidating Trustee incorporates paragraphs 1-11 as if fully realleged here.

29. Each Transfer constituted a transfer of an interest of the Debtor in property.

30. As of the Petition Date, unsecured creditors existed who are entitled to avoid the Transfers under applicable non-bankruptcy law, as provided in § 544(b) of the Bankruptcy Code and 24 Okla. Stat. §§ 116 and 117.

31. Each Transfer was made within four years before the Petition Date.

32. The Transfers were made to or for the Defendant's benefit.

33. To the extent that any of the Transfers were not made on account of antecedent debt owed by the Debtor, the Debtor did not receive reasonably equivalent value in exchange for the Transfers.

34. On the date each Transfer was made, the Debtor:

   a. Intended to incur, or believed or reasonably should have believed that the Debtor would incur, debts beyond the Debtor's ability to pay as they became due; or

   b. was engaged in business or a transaction, or was about to engage in business or a transaction, for which any remaining assets with the Debtor were an unreasonably small in relation to the business or transaction.

35. For these reasons, and to the extent any of the Transfers were not made on account of an antecedent debt owed by the Debtor, the Liquidating Trustee may avoid those Transfers as fraudulent under 24 Okla. Stat. § 112, *et seq.*, as incorporated by § 544(b)(1) of the Bankruptcy Code.

## COUNT IV
### Recovery of Prepetition Transfers Under 11 U.S.C. § 550

36. The Liquidating Trustee incorporates paragraphs 1-11 as if fully realleged here.

5

37. The Defendant was either (i) the initial transferee of the Prepetition Transfers; (ii) the entity for whose benefit the Prepetition Transfers were made; or (iii) an immediate or mediate transferee thereof.

38. Upon the avoidance of the Prepetition Transfers under §§ 544, 547 or 548 of the Bankruptcy Code, the Liquidating Trustee may recover the Prepetition Transfers, or the value of the Prepetition Transfers, from the Defendant or any mediate or immediate transferee under § 550 of the Bankruptcy Code.

39. For these reasons, the Liquidating Trustee may recover the Prepetition Transfers, or the value of the Prepetition Transfers, from the Defendant under § 550 of the Bankruptcy Code.

## COUNT V
## Disallowance of Claims Under 11 U.S.C. § 502(d)

40. The Liquidating Trustee incorporates paragraphs 1-11 as if fully realleged here.

41. Section 502(d) of the Bankruptcy Code provides that the claim of any entity or transferee receiving a payment that is avoidable under §§ 544, 547 or 548 of the Bankruptcy Code shall be disallowed unless the entity or transferee turns over the payment or value of the payment.

42. The Defendant is the transferee of the Prepetition Transfers.

43. The Defendant has, or may claim to have, a claim or claims against the Debtor's estate.

44. The Defendant has neither paid nor surrendered the Prepetition Transfers or the value of the Prepetition Transfers to the Liquidating Trustee.

45. The Liquidating Trustee objects to any and all claims of the Defendant, including, without limitation, all prepetition and postpetition claims under § 502(d) of the Bankruptcy Code.

46. For these reasons, the Liquidating Trustee is entitled to judgment against the Defendant disallowing all claims of the Defendant unless and until the Defendant returns all

amounts due to the Debtor's bankruptcy estate, and any other separately filed objections to such claims are resolved as provided by § 502(d) of the Bankruptcy Code.

### RESERVATION OF RIGHTS

47. The Liquidating Trustee reserves the right to bring any and all other causes of action the Trust may maintain against the Defendant including, without limitation, causes of action arising out of the same transactions set forth in this Complaint, and to the extent discovery in this action or further investigation by the Liquidating Trustee reveals such other causes of action.

### RELIEF REQUESTED

*Wherefore*, the Liquidating Trustee requests that the Court enter judgment in his favor and against the Defendant, granting the following relief:

A. Avoidance of the Prepetition Transfers under §§ 544, 547 and 548 of the Bankruptcy Code, and 24 Okla. Stat. § 112, *et seq.*;

B. Recovery from Defendant of an amount equal to the value of the Prepetition Transfers under § 550 of the Bankruptcy Code;

C. Disallowance of any and all claims filed by the Defendant under § 502(d) of the Bankruptcy Code;

D. An award to the Liquidating Trustee of prejudgment interest at the legally allowable rate;

E. An award to the Liquidating Trustee of costs and expenses of this suit; and

F. Any other further relief the Court deems appropriate under the circumstances.

| | |
|---|---|
| Date: April 13, 2018 | *Joseph E. Myers, solely as Liquidating Trustee of the Sheehan Pipe Line Liquidating Trust* |

By:   /s/ Michael Brandess

Jonathan P. Friedland (IL No. 6257902)*
Michael A. Brandess (IL No. 6299158)*
Jack O'Connor (IL No. 6302674)*
Jeffrey M. Goldberg (IL No. 6325634)*
**SUGAR FELSENTHAL GRAIS & HELSINGER LLP**
30 N. LaSalle St., Ste. 3000
Chicago, Illinois 60602
Telephone: 312.704.9400
Facsimile: 312.372.7951
jfriedland@SFGH.com
mbrandess@SFGH.com
joconnor@SFGH.com
jgoldberg@SFGH.com

*Admitted Pro Hac Vice*

&

Gary M. McDonald, OBA No. 5960
Chad J. Kutmas, OBA No. 19505
Mary E. Kindelt, OBA No. 21728
**MCDONALD, MCCANN, METCALF & CARWILE, LLP**
15 E. Fifth Street, Suite 1400
Tulsa, OK 74103
(918) 430-3700
(918) 430-3770 (Fax)

*Attorneys for the Sheehan Pipe Line Liquidating Trust*